MATHEWS, Justice.
There is involved a motion to dismiss a petition for certiorari and the petition for certiorari.
On the 13th of March, the petitioner filed a petition for supersedeas. In and by this petition it appeared that the petitioner' filed objections to certain interrogatories' in the Circuit Court, and on the 5th day of March, 1953, the objections were overruled by the Judge of the Circuit Court. On the 6th day of March, 1953,, petitioner moved in the Circuit Court for an order staying all proceedings and fixing a supersedeas bond pending a petition for writ of certiorari to this Court to review the order overruling the objections to the interrogatories. This motion was denied by' the Circuit Judge on the 6th day of March, 1953. The petition for stay and for supersedeas filed in this Court was authorized by F.S. § 59.13(9), F.S.A. Petitioner represented that a petition for certiorari to review the order of March 5th would be presented within 20 days from the date of the order (granting the stay arid fixing supersedeas).
This Court, on March 13, 1953, made its order that all proceedings in the cause: '
“■* * * be and is hereby stayed until this Court disposes of a Petition for Writ of Certiorari which is about to be applied for by the said Florida Power and Light Company, provided that the said Florida Power and Light Company shall forthwith file its bond in the Circuit Court for Dade County in the sum of $1000, to be approved by the Clerk of said Court, payable to said Plaintiffs in the court below, conditioned to pay all costs, damages and expenses occasioned by reason of the stay of proceedings as aforesaid, in-■eluding reasonable attorney^ fee incurred by said Plaintiff in. connection with the application . for a Writ of Certiorari by the Defendant in the event' the order sought to be reviewed by said Petition for Writ of Certiorari is not quashed, modified or reversed by this Court.”
It appears from a letter .written to the Clerk of this Court by the Circuit Judge, dated April 6,, 1953, 'that while the above quoted stay order was in full force and effect, he (the Circuit Judge) made an order vacating order on objections to interrogatories as follows:
“The order of March 5, 1953 (entered March 6, 1953, in minute book 225, at page 61) and the order of March 5, 1953 (entered March 6, 1953, in minute book 225, at page 10) are vacated and set aside.
“Ordered (on the court’s own initiative) March 31, .1953, by * *. *”
On the 7th day of April, 1953, the respondent filed a motion to dismiss the petition for certiorari on the sole ground that the petition was not filed within 20 days from the order of the Circuit Judge, dated March 5, 1953.' There, is no merit in this motion. The Rule requires that the petition, be filed within 20 days from the order staying proceedings and fixing super-sedeas, 30 F.S.A. Rules of Practice in Supreme Court, rule 35(f), and the petition for certiorari was filed well within that time. ■ ...
The said motion be and the same is hereby denied.
Although, this Court had jurisdiction of this matter and the Circuit Court was without jurisdiction at the time the Circuit Judge made the order of March 31, 1953, purporting to vacate and set aside .the, order of March 5, 1953, the action of the Circuit Judge h.as been called to our attention and we construe such action of the Circuit Judge in vacating the order of March 5, 1953, as an . admission' that such order should not have been entered in the first place.
Therefore, the:petition for. certiorari be and the same is hereby granted, and the *742 orders of March 5 and March 6, 1953, be and the same are hereby quashed. It is further ordered that the principal and surety be and they are hereby discharged of all liability on the bond required to be filed by our order of March. 13, 1953, and that the said bond be and the same is hereby cancelled.
. Having disposed of the matter, that part of our order of March 13, 1953, staying further proceedings in this cause be and the same is hereby vacated.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.